UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICKEY A. BEAVER,<br><br>    Plaintiff,<br><br>v.<br><br>JASON COGGER, *et al.*<br><br>    Defendants. | CASE NO.   C04-337C<br><br>ORDER DECLINING TO SERVE COMPLAINT AND GRANTING LEAVE TO AMEND |

    Plaintiff has filed a civil rights complaint *pro se* pursuant to 42 U.S.C. § 1983. He has been granted leave to proceed *in forma pauperis*. Plaintiff alleges in his complaint that in 2001, he was the victim of a "malicious prosecution" instituted by an individual named "Jason Cogger" and carried out by a variety of police officers and prosecutors in King County. Specifically, plaintiff contends that Cogger maliciously directed two detectives and a prosecutor to bring unfounded criminal charges against plaintiff for "taking a motor vehicle without permission." (Complaint at 3). Plaintiff maintains that he was then arrested and detained, while awaiting trial. After being wrongfully detained for four and a half months, plaintiff alleges that the case was dismissed on October 15, 2001, "in [his] favor." Plaintiff also alleges that while he was detained, he was denied medication for depression and he suffered accordingly.

    Having reviewed the complaint, the court finds that it is deficient in several respects. Therefore, the court declines to order that the complaint be served on defendants unless and until

ORDER DECLINING TO SERVE COMPLAINT AND GRANTING LEAVE TO AMEND
PAGE - 1

plaintiff corrects the deficiencies identified below:

(1) On the form that plaintiff used to file his complaint, the very first question is whether plaintiff had brought any other lawsuits in federal court. Plaintiff's answer was "1." However, the court's own research reveals that plaintiff has filed a total of *four lawsuits*, in addition to the present one.[1] Whether plaintiff's omission was intentional or inadvertent, plaintiff is reminded that he signed the form "under penalty of perjury." Plaintiff must list all the his former and current lawsuits when he files an amended complaint, as further described below.

(2) Plaintiff must clarify the role of defendant Jason Cogger. Plaintiff's complaint does not state whether "Jason Cogger" is a public employee or a private individual. If Cogger is not a public employee, or state actor, then he is not amenable to suit under § 1983. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

(3) Prosecutors are generally shielded from liability in § 1983 actions when they are acting pursuant to their official role as advocate for the State, performing functions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Prosecutorial immunity does not extend, however, to actions by a prosecutor that are administrative or investigative in nature. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 271-73 (1993). Plaintiff's allegations in the instant complaint appear to concern actions that the two prosecutors took solely in their roles as advocates. In order avoid having his claims against these prosecutors barred by their immunity, plaintiff must allege facts showing that the prosecutors were acting in administrative or investigative roles.

(4) In order to proceed on his claim that he was deprived of his medications, plaintiff must show that he has exhausted any and all grievance procedures that were available to him while detained. 42 U.S.C. § 1997e(e) *; see Booth v. Churner*, 531 U.S. 956 (2001). Plaintiff may satisfy this requirement by providing a copy of the final grievance resolution showing how the medication

---

[1] The Case Numbers are: C01-1318Z, C01-1514C, C02-2476L, C04-265RBL.

ORDER DECLINING TO SERVE COMPLAINT AND GRANTING LEAVE TO AMEND
PAGE - 2

1 issue was resolved.  If plaintiff is unable to obtain a copy, he must so inform the court and explain
2 why.

3     (5)  **If plaintiff chooses to continue with this lawsuit, then he must file an amended
4 complaint curing the above-mentioned deficiencies within 30 days of the date on which this
5 Order is signed.**  All of the allegations he wishes to pursue in this action must be contained in that
6 amended complaint.  The amended complaint must carry the same case number as this one, and will
7 operate as a complete substitute for his present complaint.  **If no amended complaint is timely
8 filed within 30 days, the court will recommend that this matter be dismissed under 28 U.S.C.
9 § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted**.

10     (6)  The court notes that plaintiff has filed a motion for appointment of counsel.  The
11 court will defer consideration of the motion until plaintiff has filed an amended complaint correcting
12 the above deficiencies.

13     (7)  To assist plaintiff in filing an amended complaint, the Clerk is directed to send a copy
14 of the civil rights complaint form to plaintiff.  In addition, the Clerk shall send plaintiff a copy of this
15 Order and the General Order for *pro se* litigants, and shall send the Honorable John C. Coughenour
16 a copy of this Order.

17     DATED this __8___ day of March, 2004.

18                                 __/S/ Ricardo S. Martinez_____
                                  RICARDO S. MARTINEZ
19                                 United States Magistrate Judge

ORDER DECLINING TO SERVE COMPLAINT AND GRANTING LEAVE TO AMEND
PAGE - 3